UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiffs,                    **NOTICE OF MOTION**

                       -against-                      No. 08-CR-0086 (MGC)

JASON C. NEAL,

                        Defendant.
-----------------------------------------------------------x

C O U N S E L:

**PLEASE TAKE NOTICE** that upon the annexed affirmation of PAUL S. BRENNER, ESQ., duly affirmed this 14th day of July, 2008, the exhibits attached hereto, and upon all the proceedings heretofore had herein, an application will be made before the Hon. Miriam Goldman Cederbaum, United States District Judge, on submission, as defendant can be heard for an Order, suppressing from the use upon the trial of this matter any evidence obtained by law enforcement agents as a result of an unlawful search, and for such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, N.Y.
       July 14, 2008                             Yours, etc.,

To:    Clerk of the Court

                                       PAUL S. BRENNER, ESQ.
       U.S. Atty's Office                 Attorney for Defendant
                                       401 Broadway, Suite 306
                                       New York, N.Y. 10013
                                       (212) 431-4880

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiffs,              **AFFIRMATION**

    -against-                  No. 08-CR-0086 (MGC)

JASON C. NEAL,
                Defendant.
-----------------------------------------------------------x

      **PAUL S. BRENNER, ESQ.,** an attorney duly licensed to practice law before the Federal Courts in the State of New York, hereby affirms the following under the penalty of perjury:

      1) That I am the attorney for the defendant, Jason C. Neal, having been retained to represent him in the above entitled action.

      2) That I am fully familiar with the facts and circumstances surrounding this matter, by reason of a review of the law relative to the facts set forth therein.

      3) That the statements contained in this affirmation are based upon information and belief, the source being a review of the files as maintained in this office with respect to this matter, together with discussions of this matter with the defendant, which statements, on that basis, I believe to be true.

      4) This affirmation is submitted in support of the annexed notice of motion seeking to suppress evidence obtained as a result of a warrantless search, or, in the alternative, to conduct a hearing to determine the validity of

the search conducted on January 14, 2008.

5) The defendant is charged in a three-count Superceding Indictment with (1) conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§41(a)(1)(b)(1)(A); (2) distribution and possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(D), and 18 U.S.C. §2, and (3) using, carrying and possessing a firearm during and in relation to, and in furtherance of, a narcotics trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(I).

6) The Government alleges[1] that law enforcement agents effected a search on January 14, 2008, of Apartment 6-J at 1540 Pelham Parkway, where the defendant resided, pursuant to his consent.  During that search, agents recovered, among other things, a bullet proof vest, 6.4 pounds of marijuana, 2 boxes of .50 caliber ammunition, two boxes of .357 caliber ammunition, two high-capacity Glock magazines, and approximately $1,8000 in U.S. Currency.

7) Although the Government admits that Mr. Neal resided at said residence in their June 30, 2008, submission, thus obviating the need to establish standing, they do, however, allege that Mr. Neal consented to the search. Contrary to the Government's position, however, it is submitted that

---

1. The facts as alleged are gleaned from the Government's submission, dated June 30, 2008, which seeks to admit certain under Rule §404(b) of the Fed. R. Evid.

there was neither exigent circumstances presented to justify the warrantless search, nor was consent given to enter into the premises.

**Legal analysis & argument:**

8) It is clear that the Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV; *see e.g., Whren v. United States*, 517 U.S. 806, 809 (1996).

9) In fact, "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York,* 445 U.S. 573, 585 (1980); *see also Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) ("it is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable").

10) Because reasonableness is the "ultimate touchstone" of the Fourth Amendment, there are several exceptions to the warrant requirement, including consent and exigent circumstances.  *See, Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent"); *Mincey v. Arizona* 437 U.S. 385, 393-94 (1978) ("warrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs for law enforcement so compelling that the warrantless search is objectively

reasonable under the Fourth Amendment).

11) At bar, no exigent circumstances[2] existed to enter into the residence without a warrant. Even assuming there was probable cause to believe that incriminating evidence will be found within a home, it is well settled that "absent exigent circumstances, a warrantless entry to search for weapons or contraband is unconstitutional even where a felony has been committed and there is probable cause to believe that incriminating evidence will be found within. *Payton, supra,* 455 U.S. at 587-88 (footnote omitted); *see also Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Chimel v. California*, 395 U.S. 752, 761-63 (1969); *Johnson v. United States*, 333 U.S. 10 (1948). No view of the facts in this case could support an argument that exigent circumstances justified law enforcement's entry into the residence.

12) Nor was consent given which would justify the warrantless entry into the premises. Mr. Neal indicates that law enforcement agents handed

---

2. The exigency of a situation may insulate a warrantless search from constitutional attack if "law enforcement agents were confronted by an 'urgent need' to aid or take cation." *United States v. McDonald*, 916 F.2d 766, 769 (2nd Cir. 1990) (en banc), quoting *Dorman v. United States*, 435 F.3d 385, 391 (D.C. Cir. 1970) (en banc). The Second Circuit has explained that the "urgency" of the officers' need depends on six factors: (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect "is reasonably believed to be armed"; (3) " a clear showing of probable cause ... to believe that the suspect committed the crime"; (4) "strong reason to believe that the suspect is in the premises being entered"; (5) "a likelihood that the suspect will escape if not swiftly apprehended"; and (6) the peaceful circumstances of the entry. *McDonald, supra.* at 769-70. The Second Circuit later considered two other factors in addition "namely, a reasonable belief by law enforcement officers that (1) the targets of their investigation are armed; and (2) quick action is necessary to prevent the destruction of evidence." *United States v. Brown*, 52 F.3d 415, 421 (2nd Cir. 1995).

him a consent form to sign in which he refused. Nevertheless, they entered into the residence, conducted a search (causing damage to property), and recovered evidence which they seek to introduce upon the trial of this matter.

13) Clearly, the Fourth Amendment forbids "unreasonable" searches and seizures. This constitutional bulwark against government intrusion into the lives of private citizens is made up of an interlacing web of standards and rules. As the Second Circuit noted in *Moore v. Andreno*, 505 F.3d 203 (2nd Cir. 2007) "'we must balance the nature and quality of the intrusion on the individual's ... interests against the importance of the governmental interest alleged to justify the intrusion,' *United States v. Place*, 462 U.S. 696, 703 (1983), under the 'totality of the circumstances.'" *United States v. Knights*, 534 U.S. 112, 118 (2001) (parallel citations and internal quotation marks omitted). Under the totality of the circumstances test, it is respectfully submitted that the search conducted by law endorsements agents was unreasonable and in derogation of the warrant requirement of the Fourth Amendment.

W H E R E F O R E, any evidence obtained as a result of the warrantless search should be suppressed; in the alternative, a hearing should be conducted.

_____
PAUL S. BRENNER, ESQ.

Duly affirmed this
14th day of July 2008.